Exhibit 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 0 8 2017

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MONICA FRACO, an individual;
"Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CLARINS USA, INC., a corporation; LES BOUTIQUES CLARINS,
LTD., a corporation; LAURI MASHORE, an individual and DOES
1 through 100

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es:) Superior Court of Los Angeles | CASE NUMBER: (Número del Caso): BC 6 45 8 9 4 |
|---|---|

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Abrolat Law pc, 840 Apollo Street, Suite 300, El Segundo, CA 90245

| DATE: (Fecha) JAN 0 6 2017 | SHERRI R. CARTER | Clerk, by (Secretario) Judi Lara | , Deputy (Adjunto) |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Clarins USA, INC
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit 1 - Page 9**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Franco et al. v. Clarins USA, Inc., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

MONICA FRACO, an individual; AUDREY TILLEY an individual, MARIA BUCIO, an individual, individually and on behalf of all employees similarly situated,

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

**Exhibit 1 - Page 10**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 0 6 2017

Sherri R. Carter, Executive Officer/Clerk
By: Juel Lara, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MONICA FRACO, an individual;
"Additional Parties Attachment form is attached."

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CLARINS USA, INC., a corporation; LES BOUTIQUES CLARINS,
LTD., a corporation; LAURI MASHORE, an individual and DOES
1 through 100

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Los Angeles<br><br>111 North Hill Street<br>Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso)*<br><br>BC 6 45 994 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Abrolat Law pc, 840 Apollo Street, Suite 300, El Segundo, CA 90245

**DATE:** *(Fecha)* JAN 0 6 2017    SHERRI R. CARTER    Clerk, by *(Secretario)* Juel Lara, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Les Boutiques Clarins, LTD

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Franco et al. v. Clarins USA, Inc., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ✓ ] Plaintiff     [ ] Defendant     [ ] Cross-Complainant     [ ] Cross-Defendant

MONICA FRACO, an individual; AUDREY TILLEY an individual, MARIA BUCIO, an individual, individually and on behalf of all employees similarly situated,

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
#### Attachment to Summons

**Exhibit 1 - Page 11**

1   ABROLAT LAW PC
    NANCY L. ABROLAT (SBN 149799)
2   SHAHANE A. MARTIROSYAN (SBN 295471)
    840 Apollo Street, Suite 300
3   El Segundo, CA 90245
    Telephone: (310) 615-0008
4   Facsimile: (310) 615-0009

5   Attorneys for Plaintiffs
    Audrey Tilley,
6   Monica Franco, Maria Bucio,
    and on behalf of
7   all employees/former employees
    similarly situated

8

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   COUNTY OF LOS ANGELES

12

13

14                                        BC 6 45 9 9 4

| | |
|---|---|
| MONICA FRACO, an individual; AUDREY TILLEY an individual, MARIA BUCIO, an individual, individually and on behalf of all employees similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CLARINS USA, INC., a corporation; LES BOUTIQUES CLARINS, LTD., a corporation; LAURI MASHORE, an individual and DOES 1 through100,<br><br>Defendants. | Case No.<br><br>HONORABLE JUDGE _____<br><br>CLASS ACTION COMPLAINT FOR DAMAGES, INJUCTIVE RELIEF AND RESTITUTION<br><br>1. FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE § 510, 1194);<br><br>2. FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE § 226.7, 512);<br><br>3. FAILURE TO FURNISH TRUE AND ACCURATE WAGE AND HOUR STATEMENTS AND PAY ALL WAGES WITHIN PAY PERIOD EARNED (CAL. LABOR CODE §§ 226, 226.3);<br><br>4. WAITING TIME PENALTIES (CAL. LABOR CODE §§ 201-203); |

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 0 6 2017

Sherri R. Carter, Executive Officer/Clerk
By; Judi Lara, Deputy

ABROLAT LAW PC
ATTORNEYS AT LAW
EL SEGUNDO

Exhibit 1 - Page 12

5. FAILURE TO REIMBURSE EXPENDITURES (CAL. LABOR CODE § 2802)

6. CONVERSION (CAL. LABOR CODE § 3336);

7. FALSE PROMISE/INTENTIONAL MISREPRESENTATION; AND

8. UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200, et seq.)

**JURY TRIAL DEMANDED**

COMES NOW, Plaintiffs Audrey Tilley, Monica Franco, Maria Bucio ("Plaintiffs") on behalf of themselves and all others similarly situated, state and allege their complaint against Defendants Clarins USA, Inc., Les Boutiques Clarins, LTD, Lauri Mashore and DOES 1 through 100 (collectively "Clarins" or "Defendants") as follows:

**CLASS ACTION ALLEGATIONS**

1. Plaintiffs bring this class action to remedy wage and hour and unfair competition violations by Defendants Clarins USA, Inc., Les Boutiques Clarins, LTD and DOES 1 through 100 who engaged in a pervasive and unlawful scheme to deprive their employees of the protections granted them by California wage and hour laws and regulations. Plaintiffs bring this action on their own behalf and on behalf of the following putative class of individuals (the "Class Members"):

The Class:

Plaintiff Franco and all other persons who are and/or have been employed by Defendants, or any of them, as hourly sales and customer service representatives in the State of California at any time from the four years prior to the filing of this Action and continuing while this action is pending (the "Class

ABBOLAT LAW PC
ATTORNEY AT LAW
EL SEGUNDO

1

COMPLAINT FOR DAMAGES

Exhibit 1 - Page 13

1   Members" and "Class Period"), including a subclasses of Class

2   Members defined as follows:

3   Subclass One:

4   Plaintiff Franco and all other persons who are and/or

5   have been employed by Defendants, or any of them, as a

6   salaried sales and customer service representative

7   during the Class Period.

8   Subclass Two:

9   Plaintiffs and all other persons who are and/or have

10   been employed by Defendants, or any of them, as a

11   salaried trainers during the Class Period.

12   Subclass Three:

13   Plaintiffs and all other persons whose employment with

14   Defendants, or any of them, ended during the Class

15   Period.

16   2.   During the Class Period, Defendants engaged in a pattern and practice of

17   numerous wage and hour violations against Plaintiffs and Class Members, such as, by way of

18   example, Defendants failed and refused to pay overtime wages to Plaintiffs and Class Members at

19   the proper overtime rate, refused to allow meal and rest periods or pay in lieu thereof, failed and

20   refused to provide timely and accurate wage and hour statements to Plaintiffs and Class Members,

21   failed to timely pay Plaintiffs and Class Members for all of the wages that they earned within the

22   pay period so earned, failed and refused to maintain complete and accurate payroll records for

23   Plaintiffs and Class Members, failed and refused to pay compensation due to Plaintiffs and Class

24   Members in a timely manner upon termination or resignation, failed to reimburse proper business

25   expenses, required Plaintiffs and Class Members to work off the clock, committed unfair business

26   practices in an effort to increase profits and to gain an unfair business advantage at the expense of

27   Plaintiffs and Class Members.   The foregoing acts and other acts by Defendants violated the

28   California Labor Code, its regulations, the applicable Industrial Wage Order, the DLSE manual and

1  the DLSE's interpreting opinions (Wage and Hour).  Said conduct also violated California's

2  Unfair Business Practices Act, California Business & Professions Code sections 17200, et seq. and

3  violated Plaintiffs' and Class Members' legal rights.

4    3.    Pursuant to Code of Civil Procedure sec. 382, Plaintiffs, on behalf of themselves

5  and all others similarly situated, seek class-wide relief for patterns and practices of unlawful

6  conduct by Defendants.  The persons fitting the definition of Class Members are so numerous that

7  the joinder of all such persons is impracticable, and the disposition of their claims as a class will

8  benefit the parties and the court.

9    4.    There is a well-defined commonality of interest in the questions of law and of fact

10  involving and affecting Class Members in that all of these employees have been harmed by

11  Defendants' failure to comply with California wage laws, failure to pay overtime wages and

12  intentional misrepresentation and false promise, in violation of the Labor Code, applicable

13  Industrial Welfare Commission ("IWC") Wage Orders and other applicable California state

14  statutes and regulations.

15    5.    The claims of Plaintiffs herein alleged are typical of those claims which could be

16  alleged by any of the remaining Class Members, and the relief sought is typical of the relief which

17  would be sought by each of the Class Members in separate actions.  All Class Members have been

18  similarly harmed by being denied compensation in compliance with wage laws and overtime

19  wages due to Defendants' corporate-wide policies and practices that affected Class Members

20  similarly.  Furthermore, Defendants benefited from the same type of unfair and/or wrongful acts as

21  to each of the Class Members.

22    6.    Plaintiffs will fairly and adequately represent and protect the interest of all of the

23  Class Members, and there are no known conflicts of interest between the named class

24  representatives and the remaining Class Members.  Other former and current employees of

25  Defendants are also available to serve as class representatives if needed.

26    7.    The prosecution of separate actions by individual Class Members would create a

27  risk of inconsistent and/or varying adjudications with respect to the individual Class Members,

28  establishing incompatible standards of conduct for Defendants, and resulting in the impairment of

3

COMPLAINT FOR DAMAGES

Exhibit 1 - Page 15

1    Class Members' rights and the disposition of their interest through actions to which they were not

2    parties.

3         8.        The Class Members' claims involve predominately common issues in that all

4    claims arise out Defendants' failure to pay Class Members compensation in compliance with wage

5    laws, overtime compensation for hours worked in excess of forty hours per week and/or eight

6    hours per day, failure to provide meal and rest breaks, failing to timely pay for all ages earned,

7    failing to reimburse all business expenses and failing to provide accurate itemized paystubs.

8    Furthermore, class action is superior to numerous individual actions as a means of adjudicating

9    those claims.

10

11                          **PARTIES AND JURISDICTION**

12        9.        At all times mentioned herein, Plaintiffs resided in California, worked in Los

13   Angeles, California and were non-exempt employees for Defendants.

14        10.       Plaintiffs bring this action on behalf of themselves and other employees and/or

15   former employees of Defendants who are similarly situated.

16        11.       At all times mentioned herein, Defendants Clarins USA, Inc., and Les Boutiques

17   Clarins, LTD are each corporations existing under the laws of the State of California and doing

18   business in the State of California, including Los Angeles County.

19        12.       At all times mentioned herein, Lauri Mashore resided in Los Angeles County,

20   California.

21

22                               **DOE DEFENDANTS**

23        13.       The full extent of the facts linking the fictitiously designated defendants with the

24   causes of action alleged herein are unknown to Plaintiffs at this time. In addition, the true names

25   and capacities, whether individual, plural, corporate, partnership, associate, or otherwise are also

26   unknown to Plaintiffs at this time. Plaintiffs, therefore, designate such defendants as DOES 1-100,

27   inclusive, and sue them under those fictitious names.

28        14.       To the extent such DOE defendants are corporate entities, Plaintiffs sue them in

4

COMPLAINT FOR DAMAGES

**Exhibit 1 - Page 16**

1  that capacity and such corporate entities are responsible for all acts of their employees, agents,

2  representatives and principals as all alleged actions were done within the course and scope of their

3  employment.

4      15.    To the extent such DOE defendants are individuals: Plaintiffs sue them in that

5  capacity and allege that they took the actions for the benefit of themselves.

6      16.    Plaintiffs allege that each and every defendant designated as DOE was responsible

7  for the events referred to therein and caused in some manner injuries to Plaintiffs as hereinafter

8  alleged. Plaintiffs will amend this Complaint to state the manner in which each fictitious

9  defendant is so responsible and will ask leave of Court to amend this Complaint to show their

10  respective true names and capacities when ascertained.

11      17.    At all times alleged herein, Defendants owned and operated retail insurance

12  service businesses in California.

13

14                    **GENERAL FACTUAL ALLEGATIONS**

15      18.    Clarins employ or employed Plaintiffs and Class Members as sales and customer

16  service representatives for Clarins' retail sales of cosmetic merchandize and customer service

17  related thereto. Plaintiffs and Class Members promoted, sold, and provided customer service for

18  customers seeking to purchase Clarins' merchandize. Plaintiffs' and Class Members' duties also

19  included demonstrating use of Clarins' cosmetics.

20      19.    Clarins required Plaintiffs and Class Members to work at varying locations from

21  day to day at the whim of their managers. As a result of these varying locations, Defendants

22  required Plaintiffs and Class Members to drive extensive miles to the varying locations without

23  compensation for all of the travel time or reimbursement of the mileage. Defendants required

24  Plaintiffs and Class Members to work over 8 hours day, and on the sixth and seventh days and

25  over forty hours a week without the proper enhanced overtime rate.

26      20.    Defendants prohibited Plaintiffs and Class Members from taking meal breaks and

27  rest breaks. Defendants regularly refused to pay Plaintiffs and Class Members for all hours

28  worked.

ABROLAT LAW PC
ATTORNEY AT LAW
EL SEGUNDO

5

Exhibit 1 - Page 17

21.    Due to the inaccuracies relating to the hours worked and overtime hours described above, the pay statements Defendants provided to Plaintiffs and Class Members were consistently and regularly inaccurate as to the number of hours, the correct hourly rate, and amounts owing to Plaintiffs and Class Members.   Defendants improperly failed to made proper tax withholdings as to the full amount earned by Plaintiffs and Class Members, thereby depriving them of such matching contributions.

22.    Defendants also failed to timely and accurately pay Plaintiffs and Class Members for all wages earned during a given, specifically designated pay period.  Similarly, Defendants did not pay to those Plaintiffs and Class Members, who are former employees, the unpaid wages arising from wage violations described above, at the time of termination, such that this failure constitutes yet another violation of wage and hour regulations.

23.    Defendants had an explicit practice which prohibited the taking of meal and rest breaks at Defendants' work locations due to customers and other work demands.

24.    During the Class Period, Defendants willfully failed to pay wages due in a timely fashion when Plaintiffs and/or Class Members were terminated from or quit their employment with Defendants.  Defendants also failed to comply with Wage and Hour requirements to maintain time records accurately reporting total hours worked by Plaintiffs and Class Members.

## FIRST CAUSE OF ACTION

### Failure to Pay Overtime

(Labor Code Sections, including but not limited to, 203, 204, 215, 216, 226, 226.6, 510, 558, 1194, 1194.2, 1199; IWC Wage Order 7)

(All Plaintiffs against Defendants Clarins USA, Inc.,

Les Boutiques Clarins, Ltd., and Does 1-100)

25.    Plaintiffs hereby repeat and reallege each and every allegation contained throughout, and incorporate same by reference with the same force and effect as though set forth in full at this point.

26.    Defendants regularly required that Plaintiffs and Class Members work more than 8

6

Exhibit 1 - Page 18

1   hours in a day and over 40 hours in a week and on the sixth and seventh day in a row without

2   paying them the proper enhanced overtime rate.   Defendants' rule required that Plaintiffs and

3   Class Members only record 7.5 hours in a day, or on occasion, permitted them to record some of

4   their overtime.  Defendants prohibited Plaintiffs and Class Members from recording most of the

5   overtime Defendants required them to work and for which they were not paid.

6           27.     Defendants regularly refused to pay Plaintiffs and Class Members for all hours

7   worked and required them to work of the clock.

8           28.     Plaintiffs and Class Members are not exempt from these overtime compensation

9   requirements.  They have been deprived of their rightfully earned overtime compensation as a

10  direct and proximate result of Defendants' failure and refusal to pay said compensation, and as

11  such are entitled to recover such amounts, plus penalties, interest thereon, attorney's fees and

12  costs.

13

14                        <u>SECOND CAUSE OF ACTION</u>

15                     **Failure to Provide Meal and Rest Periods**

16            **(California Labor Code Sections, Without Limitation,**

17                       **226.7, 512, IWC Wage Order 7)**

18             **(All Plaintiffs against Defendants Clarins USA, Inc.,**

19                **Les Boutiques Clarins, Ltd., and Does 1-100)**

20          29.     Plaintiffs hereby repeat and reallege each and every allegation contained

21  throughout, and incorporate same by reference with the same force and effect as though set forth

22  in full at this point.

23          30.     Defendants routinely prohibited Plaintiffs and Class Members to take meal and

24  rest periods during their work shifts and failed to compensate Plaintiffs and Class Members for

25  said missed meal and rest periods, as required by California Labor Code sections, without

26  limitation, 226.7, 512, and IWC Wage Order 7 and the other applicable sections of Labor Code

27  and related statutes and regulations.

28          31.     Defendants had an explicit practice of prohibiting of meal and rest breaks at

**Exhibit 1 - Page 19**

1    Defendants' work locations. Indeed, Defendants affirmatively trained Plaintiffs and Class

2    Members to forego meal and rest breaks regardless of how much time any employee had worked

3    on a given shift. Consequently, Defendants mandated that Plaintiffs and Class Members work

4    continuously from the beginning through the end of their shift, especially due to costomer or other

5    wok needs, thereby regularly denying Plaintiffs and Class Members meal and rest breaks. On the

6    rare occasions that a Plaintiff or Class Member could take a meal break, it was outside the first 5

7    hours of a shift mandated by the Labor Code and IWC Orders.

8        32.    In addition to implementing the policy prohibiting breaks, Defendants punished

9    those Plaintiffs and Class Members who violated the policy by taking the breaks which they were

10    entitled to under the Labor Code and IWC Orders.

11        33.    Defendants maintained and re-affirmed the policy of prohibiting breaks despite

12    complaints from Plaintiffs and/or Class Members concerning the unfairness and illegality of such a

13    prohibition, as well as complaints about the irregular payroll practices described above.

14        34.    Plaintiffs and the Class Members have been deprived of their rightfully earned

15    compensation for meal and rest periods as a direct and proximate result of Defendants' failure and

16    refusal to pay said compensation for these breaks which Defendants did not permit. Plaintiffs and

17    the Class Members are entitled to recover such amounts pursuant to California Labor Code section

18    276.7(b), plus penalties, interest thereon, attorney's fees and costs.

19        35.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or

20    malice, and, in addition to the actual damages caused thereby, Plaintiffs and Class Members are

21    entitled to recover damages for the sake of example and by way of punishing Defendants.

22

23                    **THIRD CAUSE OF ACTION**

24        **Failure to Furnish Accurate, Itemized Wage and Hour Statements**

25           **and to Pay Wages within Pay Period Earned**

26     **(California Labor Code Section, Without Limitation, 226 et seq.)**

27        **(All Plaintiffs against Defendants Clarins USA, Inc.,**

28          **Les Boutiques Clarins, Ltd., and Does 1-100)**

AKROLAN LAW PC<br>ATTORNEY AT LAW<br>EL SEGUNDO

8

COMPLAINT FOR DAMAGES

Exhibit 1 - Page 20

36.    Plaintiffs hereby repeat and reallege each and every allegation contained in each paragraph throughout this complaint, and incorporate same by reference with the same force and effect as though set forth in full at this point.

37.    As a matter of corporate policy and practice, Defendants willfully failed to comply with Wage and Hour requirements to maintain time records accurately reporting total hours worked by Plaintiffs and Class Members.

38.    Due to the inaccuracies relating to the overtime hours and meal and rest break violations described above, the pay statements Defendants provided to Plaintiffs and Class Members were consistently and regularly inaccurate as to the number of hours, the hourly rates and amounts owing to Plaintiffs and Class Members.

39.    Defendants failed to provide Plaintiffs and Class Members with timely and accurate wage and hour itemized statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiffs and Class Members during that pay period. Defendants failed to provide the legally required accurate itemization for the compensation and failed to accurate withhold the legally mandated tax deductions and other payroll contributions, including federal income tax, state income tax, FICA contributions and Medicare contributions.

40.    Based on Defendants' illegal conduct, Defendants are liable for damages and statutory penalties pursuant to California Labor Code, including without limitation, section 226 et seq., and other applicable provisions of the Labor Code and related statutes and regulations, as well as for their failure to take payroll deductions and to pay the employer matching payroll contributions to FICA and Medicare.

### FOURTH CAUSE OF ACTION

**Waiting Time Penalties**

(Labor Code Sec. 203)

(All Plaintiffs against Defendants Clarins USA, Inc.,

9

ABROLAT LAW PC
ATTORNEYS AT LAW,
EL SEGUNDO

**Exhibit 1 - Page 21**

1    Les Boutiques Clarins, Ltd., and Does 1-100)

2    41.    Plaintiffs hereby repeat and reallege each and every allegation contained

3    throughout this complaint, and incorporate same by reference with the same force and effect as

4    though set forth in full at this point.

5    42.    Defendants did not pay to those Plaintiffs and Class Members, who are former

6    employees, the unpaid wages arising from wage violations described above, herein or otherwise, at

7    the time of termination, such that this failure constitutes yet another violation of wage and hour

8    regulations.

9    43.    As a matter of corporate policy and practice, Defendants failed to pay Plaintiffs

10   and other former employees constituting Class Members within the time required under law, upon

11   their respective discharge, all monies owed to them under Wage and Hour requirements.

12   Defendants have failed to pay Plaintiffs and the Class a sum certain within time frames mandated

13   by law and have failed to pay those sums for thirty days thereafter.  Defendants also failed to

14   comply with Wage and Hour requirements to maintain time records accurately reporting total

15   hours worked by Plaintiffs and Class Members.

16   44.    Pursuant to the provisions of Labor Code Sections, including but not limited to,

17   section 203, Plaintiffs and the class are entitled to a penalty in the amount of Plaintiffs' and Class

18   Members daily wage during the waiting time penalty period, interest, attorneys fees and costs set

19   forth by statute.

20

21                           **FIFTH CAUSE OF ACTION**

22                    **For Failure to Reimburse Plaintiffs and Class**

23                     **for Expenditures Made on Employer's Behalf**

24                          **(Labor Code Sections 2802)**

25                  **(All Plaintiffs against Defendants Clarins USA, Inc.,**

26                     **Les Boutiques Clarins, Ltd., and Does 1-100)**

27   45.    Plaintiffs hereby repeat and reallege each and every allegation contained

28   throughout this complaint, and incorporate same by reference with the same force and effect as

10

COMPLAINT FOR DAMAGES

**Exhibit 1 - Page 21**

1    though set forth in full at this point.

2    46.    As a matter of regular business practice, Defendants regularly required Plaintiffs

3    and Class to use their own money to pay for company expenses, including but not limited to

4    paying for gas to fill their own cars to run errands for the company, paying for various business

5    equipment to use, such as automobiles, cell phones, notepads, laptops, printers, internet service,

6    etc.

7    47.    Defendants failed to indemnify Plaintiffs and Class, as their employees, for all

8    necessary expenditures or losses incurred by Plaintiffs in direct consequence of the discharge of

9    their work related duties.

10    48.    As a proximate cause of Defendants' failure to indemnify or fully reimburse

11    Plaintiffs and Class, Plaintiffs and Class have been deprived of compensation for work related

12    expenses arising from and in direct consequence of the discharge of their work duties and been

13    damaged in an amount according to proof at the time of trial. Plaintiffs and Class are entitled to

14    recover such amounts, plus interest thereon, attorney's fees and costs pursuant to Labor Code §

15    2802 et seq., plus statutory and civil penalties pursuant to the Labor Code and other applicable

16    laws and regulations.

17

18                              **SIXTH CAUSE OF ACTION**

19                              **Conversion – Theft of Labor**

20    **(California Civil Code Section, Without Limitation, 3294, 3336)**

21          **(All Plaintiffs against Defendants Clarins USA, Inc.,**

22                **Les Boutiques Clarins, Ltd., and Does 1-100)**

23    49.    Plaintiffs hereby repeat and reallege each and every allegation contained

24    throughout this complaint, and incorporate same by reference with the same force and effect as

25    though set forth in full at this point.

26    50.    Defendants wrongfully withheld from Plaintiffs and Class Members and failed to

27    pay to their earned wages and other compensation which was due to them for overtime work, for

28    meal and rest breaks, and as otherwise required pursuant to the Labor Code and related statutes

11

Exhibit 1 - Page 22

and regulations.

51.   Plaintiffs and Class Members are not exempt from the requirements of the Labor Code and related statutes and regulations.

52.   At all relevant times herein, Defendants had and continued to have a legal obligation imposed by statute to pay to Plaintiffs and Class Members all overtime wages and other compensation due.  Such wages and compensation belonged to Plaintiffs and Class Members at the time the labor and services were provided to Defendants, and accordingly such wages and compensation are the property of Plaintiff.

53.   Defendants knowingly and intentionally required Plaintiffs and Class Members to perform non-exempt employee tasks.  Defendants knowingly and intentionally failed to pay overtime wages for hours worked in excess of eight hours a day and forty hours a week or for working on the seventh consecutive day, failed to compensate for missed meal and rest breaks, and failed to provide other compensation due to Plaintiffs and Class Members pursuant to the Labor Code and related statutes and regulations.  Defendants intentionally converted the wages and compensation of Plaintiffs and Class Members by withholding earned overtime wages, payments in lieu of missed meal and rest breaks and other compensation, which Plaintiffs and Class Members owned or had the right to own and had the legal right to hold, possess and dispose of, and then converted and utilized the same for Defendants' own use and benefit.

54.   Defendants converted such wages and compensation as part of an intentional and deliberate scheme to maximize profits at the expense of Plaintiffs and Class Members.

55.   Plaintiffs have been injured by Defendants' intentional conversion of such wages and compensation.  Plaintiffs and Class Members are entitled to all monies converted by Defendants, with interest thereon as well as any and all profits, whether direct or indirect, which Defendants acquired by their unlawful conversion.

56.   In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Plaintiffs and Class Members are entitled to recover damages for the sake of example and by way of punishing Defendants.

ABROLAT LAW PC
ATTORNEYS AT LAW
EL SEGUNDO

12

COMPLAINT FOR DAMAGES

Exhibit 1 - Page 23

## SEVENTH CAUSE OF ACTION

## FALSE PROMISE/ INTENTIONAL MISREPRESENTATION

### (Plaintiffs and Franco against All Defendants)

57.    Plaintiffs hereby repeat and reallege each and every allegation contained in all of the other paragraphs of this complaint, and incorporates same by reference with the same force and effect as though fully set forth in full at this point.

58.    Defendant Mashore told Plaintiff Franco that important facts were true, i.e., that Plaintiff Franco would be promoted to a new position that was properly a salaried position. Defendant Mashore further told Franco that she would no longer be required to work the extensive hours required prior to the promotion, and that the new position was career enhancing and a positive move toward future advancement in the company, even though Defendants knew at the time that these stated facts were not true.  Mashore intended Plaintiff Franco to rely on these misrepresentations, and Plaintiff Franco reasonably relied by accepting the position and putting full efforts into said position which was a substantial factor in causing Plaintiff Franco harm.

59.    As a proximate result of the representations of Defendants' intentional misrepresentations, as aforesaid, Plaintiff Franco was harmed. Plaintiff Franco has suffered and continues to suffer substantial losses in earnings and other employment benefits.  Plaintiff Franco has suffered and continues to suffer severe emotional distress, and other damages in an amount to be determined at trial.

60.    Defendants committed these acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff Franco and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff Franco's rights. Because the acts taken towards Plaintiffs Franco was carried out by her employer in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff Franco, Plaintiff Franco is entitled to recover punitive damages from Defendants, in an amount to be determined at trial.

COMPLAINT FOR DAMAGES

**Exhibit 1 - Page 24**

**EIGHTH CAUSE OF ACTION**

**Unfair Competition And Unfair Business Practices**

**(Business and Professions Code secs. 17000 *et seq.* and 17200 *et seq.*)**

**(All Plaintiffs against Defendants Clarins USA, Inc.,**

**Les Boutiques Clarins, Ltd., and Does 1-100)**

61.    Plaintiffs hereby repeat and reallege each and every allegation contained in each paragraph of this complaint, and incorporate same by reference with the same force and effect as though set forth in full at this point.

62.    Defendants, and each of them, are "persons" as defined under Business and Professions Code section 17021.

63.    Defendants' failure to pay required wages for all hours worked and overtime rates of pay Plaintiffs and Class Members has resulted in Defendants not incurring the expense of paying said legally-required wages, under-reporting to federal and state authorities wages earned by Class Members and, therefore, under-paying state and federal taxes, employer matching funds, unemployment premiums, social security, medicare, and workers' compensation premiums, all this in an amount according to the proof.

64.    Defendants' failure to maintain records of hours worked, failure to pay for all hours worked, including at overtime rates, is either unfair and/or an offense punishable by both statutory fine and imprisonment for each violation. Defendants' acts constitute a continuing and ongoing unfair and unlawful activity prohibited by Business and Professions Code sections 17200 et seq., and justify the issuance of an injunction, restitution and other equitable relief pursuant to Business and Professions Code section 17203 both as to the company and its managing agents and officers.

65.    As set forth below, Plaintiffs are informed and believe that by failing to pay the lawful minimum wage and overtime wages to Plaintiffs and Class Members as well as failing to pay payroll taxes with matching amounts for Plaintiffs and Class Members, Defendants, while engaged in business within the State of California, acted in violation of Business and Professions Code section 17200 et seq. and to the detriment of Defendants' competitors by enjoying the

14

Exhibit 1 - Page 25

1    financial rewards of illegally underpaying their workforce.

2         66.      Plaintiffs are informed and believe that Defendants have instructed and directed its

3    directors, officers, employees, and/or agents to intentionally and unlawfully avoid payment of

4    wages for all hours worked and overtime wages and corresponding employment taxes in violation

5    of Business and Professions Code section 17047. Plaintiffs seeks to enforce important rights

6    affecting the public interest within the meaning of California Civil Procedure Code § 1021.5.

7         67.      Defendants' activities as alleged here are violations of California law and

8    constitute unlawful business acts and practices in violation of California Business & Professions

9    Code §§ 17200 et seq. Pursuant to California Business & Professions Code §§ 17200 et seq.,

10   Plaintiffs and all Class Members are entitled to restitution of the wages withheld and retained by

11   Defendants during a period that commences four years prior to the filing of this Complaint, a

12   permanent injunction requiring Defendants to pay all outstanding wages due to Class Members, an

13   award of attorneys' fees under applicable law and costs of suit.

14

15

16                          **PRAYER FOR RELIEF**

17        WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, and on

18   behalf of the general public, hereby pray for relief and judgment against Defendants as follows:

19        1.      For compensatory damages in an amount according to proof;

20        2.      For statutory compensation, interest and penalties;

21        3.      For an order requiring Defendants, and each of them, to show cause, if any they

22   have, as to any reasons that they should not be enjoined as set forth below, during and after the

23   pendency of this Action;

24        4.      That each Defendant, joint and/or severally, pay restitution and/or disgorgement of

25   sums to Plaintiffs and each Class Member for its past failure to pay, during the Class Period,

26   withholding taxes, making deposits, matching funds, social security, Medicare, in an amount

27   according to proof;

28

AUROLAT LAW PC
Attorneys At Law
El Segundo

15

COMPLAINT FOR DAMAGES

**Exhibit 1 - Page 26**

5.    That each Defendant, joint and/or severally, pay restitution and/or disgorgement of sums to Plaintiffs and each Class Member for its past failure to pay, during the Class Period, all wages due and owing in an amount according to proof;

6.    For reasonable attorney's fees and costs;

7.    For all punitive damages, penalties, fines, liquidated damages or any other amounts due as a result of Defendants' Wage and Hour violations;

8.    For all general damages according to proof;

9.    For all special and/or consequential damages according to proof;

10.    For a preliminary injunction and a permanent injunction prohibiting Defendants from requiring Plaintiffs and Class Members to work in excess of an eight hour workday and/or forty hour workweek and/or on the sixth and seventh consecutive days without lawful compensation being paid to Plaintiffs and Class Members, prohibiting Defendants from unlawfully withholding the wages earned by Plaintiffs and Class Members, requiring that Defendants properly reimburse Plaintiffs and Class Members for all business expenses, and requiring that Defendants afford meal and rest periods as required by California law.

11.    For such other relief and further relief as the Court may deem just and appropriate.

Dated: December 28, 2016                              ABROLAT LAW PC


                                          By:

                                              Nancy L. Abrolat
                                              Shahane A. Martirosyan
                                              Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

**Exhibit 1 - Page 27**